# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                       **Case No.  1:22-cr-00583-WJ**

**RONALD LOPEZ,**

       **Defendant.**

## ORDER DENYING OPPOSED MOTION
## FOR TEMPORARY RELEASE FROM CUSTODY

    **THIS MATTER** is before the Court on defendant Ronald Lopez's Opposed Motion for Temporary Release from Custody to Attend Birth of Child, filed on July 1, 2022.  Doc. 24.  The government opposes Mr. Lopez's motion.  *Id*. at 2.  For the following reasons, the Court DENIES Mr. Lopez's motion.

    On March 27, 2022, a criminal complaint was filed against Mr. Lopez accusing him of robbing a bank, in violation of 18 U.S.C. § 2113.  Doc. 1.  Mr. Lopez was taken into federal custody the next day.  *See* Docket.  The Court held a detention hearing on April 1, 2022.  Doc. 12.  Mr. Lopez asked to be released to the La Pasada Halfway House.  *See id.*; *see also* Doc. 21 at 4.  Based on the information in the pretrial services report and the argument of counsel, the Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required, and the Court ordered that Mr. Lopez be detained.  Doc. 13 at 2.  The Court based its ruling on Mr. Lopez's prior criminal history; his history of substance abuse; his prior failures to appear in court as ordered,

and his prior violations of probation, parole, or supervised release.  *Id.* at 2–3.  The Court further explained

> Defendant has numerous failures to appear and other failures to comply with court-ordered terms of supervision. He performed poorly during his term of supervised release on his prior bank robbery case; the term of supervision expired in January of this year. The offense alleged in this case is quite similar to his 2018 bank robbery.

*Id*. at 3.  On April 12, 2022, a federal grand jury returned an indictment against Mr. Lopez, accusing him of the same crime contained in the criminal complaint.  Doc. 15.  His trial is scheduled for September 6, 2022.  Doc. 23.

On July 1, 2022, Mr. Lopez moved this Court to temporarily release him under 18 U.S.C. § 3142(i) so that he can attend the birth of his child, which is expected to occur on July 8, 2022. Doc. 24 at 2–3.  Despite the Court's empathy for Mr. Lopez's desire to be present for his child's birth, Mr. Lopez has not presented the Court with sufficient reasons to warrant his release under 18 U.S.C. § 3142(i).  First, relief under § 3142(i) should be used sparingly.  *United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020).  Second, Mr. Lopez bears the burden of proof under § 3142(i) in showing that his temporary release is "necessary . . . for another compelling reason."  *See United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. Mar. 25, 2020); *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012).  Unfortunately, many detained defendants have spouses or intimate partners who are expecting children, and the Court has not found a case in which a Court has found that attending a birth of a child is a compelling reason to release a defendant who otherwise poses a risk of nonappearance.  Release under such circumstances would drastically increase the use of § 3142(i).  In addition, as Judge Browning explained:

> The decision whether to release a defendant temporarily under § 3142(i) is . . .
> intertwined with the factors that the . . . judicial officer consider(s) at the
> defendant's detention hearing[] because the risk of nonappearance and danger to
> the community are front and center in the judicial officer's mind as he or she
> decides how compelling the defendant's reason for temporary release is.  These
> factors never go away.

*Alderete*, 336 F.R.D. at 269.  Mr. Lopez simply states that he has been sober since he has been in

custody, *see* Doc. 24 at 2, but the criminal complaint indicates that Mr. Lopez admitted to

robbing the bank so that he could buy fentanyl pills.  Although Mr. Lopez states that he will

abide by any conditions that the Court deems appropriate and would live with his brother, Mr.

Lopez's history suggests that his addiction often interferes with his best intentions.  There simply

is no assurance that Mr. Lopez will remain drug free while on release and then voluntarily return

to custody.  Mr. Lopez has not met his burden of proving that the impending birth of his child

necessitates his temporary release, nor has he shown that he would not be a flight risk during this

short time.

**IT IS THEREFORE ORDERED** that defendant Ronald Lopez's Opposed Motion for

Temporary Release from Custody (Doc. 24) is denied.

DATED this 5th day of July 2022.

_____
Laura Fashing
United States Magistrate Judge